ORIGINAL

1  Brian K. Mazen (Bar No. 130777)
   Catherine V. Perry (Bar No. 222361)
2  MESERVE, MUMPER & HUGHES LLP
   300 South Grand Avenue, 24th Floor
3  Los Angeles, California 90071-3185
   Telephone: (213) 620-0300
4  Facsimile: (213) 625-1930

5  Attorneys for Plaintiff
   JACKSON NATIONAL LIFE INSURANCE
6  COMPANY

FILED
JUL 1 2 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

RECEIVED
JUL 07 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

7

8                      UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11                                          )   Case No. C05 02445RS
   JACKSON NATIONAL LIFE                    )
12 INSURANCE COMPANY,                       )   REQUEST FOR DISMISSAL OF
                                            )   ACTION WITHOUT PREJUDICE
13             Plaintiff,                   )   AND DISBURSEMENT OF FUNDS;
                                            )   AND [PROPOSED] ORDER
14        vs.                               )   THEREON
                                            )
15 DEBORAH LEMAR, CAROL WHITE,              )
   REICKO UPDIKE, MATTHEW                   )   Complaint Filed:   June 16, 2005
16 D'ADDIO, BARBARA PHILLIPS,               )
   MARK PHILLIPS, CRAIG PHILLIPS,           )
17 GERALDINE PHILLIPS, HUMANE               )
   SOCIETY OF DENVER, a corporation,        )
18                                          )
               Defendants.                  )
19                                          )
   _____)

20

21       Plaintiff JACKSON NATIONAL LIFE INSURANCE COMPANY ("JNL"),

22 by and through its counsel of record, Meserve, Mumper & Hughes, LLP, hereby

23 requests the dismissal of this interpleader action without prejudice and the return of

24 the interplead funds, which were deposited with the Clerk of this Court, based upon

25 the following:

26 ///

27 ///

28 ///

67379.1

1

REQUEST FOR DISMISSAL OF ACTION
WITHOUT PREJUDICE AND
DISBURSEMENT OF FUNDS; AND
ORDER THEREON

# FACTUAL SUMMARY

1.   On or about August 15, 2001, Bernice Oates (the "Insured"), deceased, applied for a Single Premium Deferred Fixed Annuity with JNL.  The Insured paid a single premium of $56,453.88.  On or about October 9, 2001, JNL issued a Single Premium Annuity, contract number 0040228520 (the "Annuity"), to the Insured.

2.   The Annuity originally listed Geraldine Phillips, the Insured's sister, as the primary and only beneficiary.

On or about August 19, 2004, JNL received and recorded a request from the Insured, dated August 5, 2004, to eliminate Geraldine Phillips as the primary and only beneficiary and to change the primary beneficiary designations under the Annuity to the following:

(a)   Carol White, Step-daughter, 15%;

(b)   Craig Phillips, Nephew, 15%;

(c)   Deborah Lemar, Niece, 15%

(d)   Mark Phillips, Nephew, 7.5%;

(e)   Barbara Phillips, Friend, 7.5%;

(f)   Matthew D'Addio, Friend, 20%;

(g)   Reicko Updike, Friend, 10%; and

(h)   Humane Society of Denver, 10%.

3.   Thereafter, JNL became aware of conflicting and adverse claims to the proceeds payable under the Annuity as follows:

(a)   On or about September 13, 2004, the Insured died. Thereafter, the primary beneficiaries under the Annuity (Carol White, the Humane Society of Denver, Reicko Updike, Matthew D'Addio, Barbara Phillips, Mark Phillips, Deborah Lemar and Craig Phillips) each

REQUEST FOR DISMISSAL OF ACTION
WITHOUT PREJUDICE AND
DISBURSEMENT OF FUNDS; AND
ORDER THEREON

submitted their own death benefit claim under the Annuity to JNL.

(b)    On or about October 1, 2004, JNL received notice from Defendant Deborah Lemar ("Lemar"), who is one of the beneficiaries under the Annuity and also the Personal Representative of the Insured's Estate, that Lemar disputed the legitimacy of the Insured's attempt to change the beneficiary designation under the Annuity to Matthew D'Addio ("D'Addio"). Lemar disputed the legitimacy of the beneficiary designation to D'Addio because he was the Insured's financial advisor and was designated to receive 20% of the benefits under the Annuity, which was the greatest allocation to any of the beneficiaries. Lemar informed JNL that she and her attorneys were investigating the circumstances surrounding the change in beneficiary designation to D'Addio, and JNL, upon Lemar's request, agreed not to make any payment out of the Annuity proceeds until the dispute was resolved.

(c)    In the event that the above-mentioned attempt to change the beneficiary under the Annuity to D'Addio is found to be invalid for any reason, then it is unknown to JNL who will be entitled to this 20% share of benefits under the Annuity. Geraldine Phillips, the original primary beneficiary under the Annuity, may be entitled to this 20% share. Additionally, depending on the outcome of Lemar's investigation, there may be further disputes as to

REQUEST FOR DISMISSAL OF ACTION
WITHOUT PREJUDICE AND
DISBURSEMENT OF FUNDS; AND
ORDER THEREON

67379.1

3

the legitimacy of the beneficiary changes made by the Insured on August 19, 2004.

    (d)    For the above stated reasons JNL alleges that potential adverse claims existed between the claimants.

4.    JNL admits that there is a balance remaining under the Annuity in the amount of $58,206.10, plus interest.  JNL claims no beneficial interest in the benefits due, as it is a mere stakeholder with respect to the benefits under the Annuity.  JNL has been ready, willing and able to pay the sum due under the Annuity to the person(s) legally entitled thereto.

5.    On or about June 16, 2005, JNL filed the instant Complaint in Interpleader to determine the rights of the parties to the $58,206.10, with interest, remaining under the Annuity.

6.    Concurrently with the filing of the instant Complaint in Interpleader, JNL deposited with the Clerk of this Court a check in the amount of $58,206.10, which represented the remaining balance due and owing under the Annuity contract, with interest.

7.    The instant Complaint in Interpleader was brought in good faith and without collusion with any of the Defendants.

8.    In attempting service of the Summons and Complaint, counsel for JNL contacted counsel for Lemar.  Specifically, on or about June 20, 2005, counsel for JNL spoke with Lemar's attorney and informed Lemar's attorney that JNL had filed the instant Interpleader and deposited the Annuity funds with the Court.  Subsequently, in a letter dated June 21, 2005, Lemar's attorney informed JNL's counsel that Lemar had decided to withdraw her objections to the beneficiary designation under the Annuity.  A copy of the June 21, 2005 letter is attached hereto as Exhibit "A."  Accordingly, Lemar's attorney asked JNL to proceed with the disbursement of the Annuity funds to the beneficiaries as identified on the

REQUEST FOR DISMISSAL OF ACTION
WITHOUT PREJUDICE AND
DISBURSEMENT OF FUNDS; AND
ORDER THEREON

67379.1

1 | designation dated August 5, 2004, with the understanding that JNL would withdraw

2 | the instant Interpleader action.

3 |      9.    Lemar was the only Defendant in the instant Interpleader action who

4 | objected to the August 5, 2004 beneficiary designation.  Based upon Lemar's

5 | representation to JNL that she has withdrawn her objections to the August 5, 2004

6 | beneficiary designation, JNL is voluntarily dismissing the instant Interpleader action

7 | without prejudice.

8 |      10.   None of the Defendants have filed an Answer to the Complaint in

9 | Interpleader, or otherwise made an appearance in this action.

10 |      11.   Based on the foregoing, JNL requests that this Court dismiss this entire

11 | action without prejudice.

12 |      12.   JNL further requests that this Court order the release and disbursement

13 | of the $58,206.10 interplead in this action, plus any interest accrued since said funds

14 | were deposited with the Clerk of this Court in an interest bearing account on June

15 | 16, 2005.  JNL further requests that this Court order that the Clerk of this Court

16 | remit a check in the sum of $58,206.10, plus any applicable accrued interest,

17 | payable to "Jackson National Life Insurance Company."  Within ten (10) days after

18 | the Court issues an Order on JNL's Request for Dismissal of Action without

19 | Prejudice and Disbursement of Funds, said check shall be mailed to: Catherine V.

20 | Perry, Esq., Meserve, Mumper & Hughes LLP, 300 South Grand Avenue, 24th

21 | Floor, Los Angeles, California 90071-3185.

22 |

23 | Dated: July 6, 2005               MESERVE, MUMPER & HUGHES LLP
   |                                        BRIAN K. MAZEN
24 |                                        CATHERINE V. PERRY
25 |                                        By: _Catherine V. Perry_
26 |                                        Catherine V. Perry
   |                                        Attorneys for Plaintiff
27 |                                        JACKSON NATIONAL LIFE
   |                                        INSURANCE COMPANY
28 |

*R. L. Steenrod, Jr. & Associates*

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

*R.L. Steenrod, Jr.*
*Melissa R. Schwartz*
*Marcie R. McMinimee*

*Of Counsel:*
*John S. Holt*

June 21, 2005

Jackson National Insurance Company
c/o Meserve Mumper & Hughes, LLC
Attn:  Kathryn Perry, Esq.
300 S. Grand Ave.
Los Angeles, CA  90071

Via U.S. Mail and FAX to (213-625-1930

Re:     Policy No. 0040228520

Dear Ms. Hughes:

As I informed you over the phone yesterday afternoon, my client, Deborah Lemar, as the Personal Representative of the Estate of Bernice Oates, Deceased, while still questioning the propriety of Mr. D'Addio's actions in this matter, has decided to withdraw her objections to the beneficiary designation on this policy and the suitability of the investment.  Accordingly, the Company may proceed to pay the policy/annuity out to the beneficiaries identified on the designation dated August 5, 2004.

It is my understanding that you will be withdrawing the interpleader action you have recently apparently filed with respect to this policy (I have not seen it).  Please copy me on that withdrawal and advise if anything further in required in order to clarify this and close this matter with Jackson National.

Thank you for your assistance.

Cordially,

Melissa R. Schwartz

cc:     Deborah Lemar, Personal Representative

EXHIBIT "A"

2009 Market Street • Mattie Silks House • Denver, Colorado 80205-2022 • 303 534-5100 • Fax 303 534-5186

## ORDER

IT IS HEREBY ORDERED that the Complaint in Interpleader be dismissed in its entirety without prejudice.

IT IS FURTHER ORDERED that the Clerk of this Court release the funds, which Plaintiff deposited with the Clerk in an interest bearing account at the time it filed its Complaint in Interpleader on June 16, 2005, currently held by the United States District Court, Northern District of California, San Jose Division, and that the Clerk of this Court remit one check in the amount of $58,206.10, plus any interest accrued since the time of deposit with the Clerk, payable to "Jackson National Life Insurance Company."  Within ten (10) days of the date of this Order, said check shall be mailed to: Catherine V. Perry, Esq., Meserve, Mumper & Hughes LLP, 300 South Grand Avenue, 24th Floor, Los Angeles, California 90071-3185.

Dated: July _12_, 2005

_____
Hon. Richard Seeborg
Magistrate Judge, United States District Court

67379.1

REQUEST FOR DISMISSAL OF ACTION WITHOUT PREJUDICE AND DISBURSEMENT OF FUNDS; AND ORDER THEREON